UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SARAH LEE, individually, and on behalf of others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DONG BANG CORPORATION, MI JA KIM, JU HE KIM and SANG KYU KIM<br><br>　　　　　　　　　　　　Defendants, | Index No. 23-cv-2087<br><br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br><br>**JURY DEMAND** |

Plaintiff Sarah Lee (collectively "Plaintiff"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to herself, and upon information and belief as to all other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover minimum wages, overtime compensation, misappropriated tips, and other wages for Plaintiff and her similarly situated co-workers – servers, bartenders and all other tipped, hourly food service workers who work or have worked at Defendants' Dong Bang Grill Restaurant ("DBG"), a fine dining restaurant located in Fort Lee, New Jersey.

2. Plaintiff brings this action on behalf of herself and similarly situated current and former tipped, hourly food service workers who elect to opt-in to this action pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"), and specifically the collective action provisions of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

1

3. Plaintiff also brings this action on behalf of herself and all similarly situated current and former tipped, hourly food service workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56(a) *et seq.* ("NJWHL").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### Plaintiff Sarah Lee

6. Plaintiff Sarah Lee ("Lee") is an adult individual who resides in Bergen County in the State of New Jersey.

7. Defendants employed Lee as a Server at Dong Bang Grill from around February 15, 2020, until March 17, 2020, and again from around July 17, 2020, and until August 20, 2020. She started working again on April 21, 2021, and last worked for the defendants on April 27, 2022.

8. Lee is a covered employee within the meaning of the FLSA and the NJWHL.

9. A written consent form signed by Lee is attached hereto as Exhibit "A".

**Defendants**

10.     Defendant Dong Bang Corporation doing business as Dong Bang Grill ("DBG") is a New Jersey Domestic Corporation with its principal place of business at 1616 Palisades Avenue, Fort Lee, NJ 07024.

11.     Defendants Mi Ja Kim, Ju He Kim, and Sang Kyu Kim ("Kims") are individuals who at all times relevant herein, employers of plaintiff who owned, operated, and/or controlled the day-to-day operations and management of Defendant DBG.

12.     Defendants DBG and the Kims jointly employed Plaintiff.

13.     Defendants DBG and Kims are herein collectively referred to as "Defendants".

14.     At all relevant times, Defendants were, and continue to be, "employers" of each of the named Plaintiff, the FLSA Collective, and the Rule 23 Class, engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of the FLSA, 29 U.S.C. § 203, and the NJWHL.

## COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiff brings the First and Second Causes of Action, FLSA claims, on behalf of herself and all similarly situated persons who have worked for Defendants as tipped, hourly food service workers at Dong Bang Grill Restaurant in Fort Lee, New Jersey, who elect to opt-in to this action (the "FLSA Collective").

16.     Consistent with the Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective were not paid minimum wages for all hours they worked and/or premium overtime compensation for all hours they worked beyond 40 hours per workweek.

17.     All of the work that Plaintiff and the FLSA Collective have performed was assigned by Defendants, and/or Defendants were or should have been aware of all of the work that Plaintiff and the FLSA Collective performed.

18.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice include, but is not limited to:

   a.   Willfully failing to pay its employees, including Plaintiff and the FLSA Collective, minimum wages for all hours worked and premium overtime wages for hours that they worked in excess of 40 hours per workweek; and

   b.   Willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

   c.   Willfully failing to notify its employees, including Plaintiff and the FLSA Collective, of their rights under the FLSA.

   d.   Willfully misappropriating tips and/or service charges from its employees, including Plaintiff and the FLSA Collective, by demanding, handling, pooling, counting, distributing, accepting, and/or retaining tips, gratuities, and/or service charges paid by customers that were intended for and earned by employees, including Plaintiff and the FLSA Collective.

19.     Defendants' unlawful conduct, as described in this Class Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to record all of the hours worked by employees, failing to pay employees the minimum and overtime wage rates required by law, and misappropriating portions of tips, gratuities and/or service charges earned by Plaintiff and the FLSA Collective.

20.     Defendants are aware or should have been aware that federal law required them to pay employees minimum wage for all of the hours they worked.

21.     Defendants are aware or should have been aware that federal law required them to pay non-exempt employees proper overtime premiums for all hours worked in excess of 40 per workweek.

22.     Defendants are aware or should have been aware that federal law prohibited them from misappropriating tips, gratuities, and/or service charges belonging to their employees.

23.     Plaintiff and the FLSA Collective are similarly situated in their job descriptions, duties, and compensation and perform, or performed, the same primary duties.

24.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

## CLASS ACTION ALLEGATIONS

25.     Plaintiff brings the Third, Fourth, Fifth, Sixth, and Seventh Causes of Action, NJWHL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked for Defendants as tipped, hourly food service workers, and similar employees at Dong Bang Grill Restaurant in Fort Lee, New Jersey between April 13, 2017, and the date of final judgment in this matter (the "Rule 23 Class").

26.     Excluded from the Rule 23 Class are Defendants, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants, the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

27.     The members of the Rule 23 Class are so numerous that the joinder of all members is impracticable.

28.     Upon information and belief, the size of Rule 23 Class is at least 100 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

29.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

30.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

a.   Whether Defendants violated N.J.S.A. § 34:11-56(a), and the supporting New Jersey State Department of Labor regulations;

b.   Whether Defendants failed to pay Plaintiff and the Rule 23 Class minimum wages for all of the hours worked;

c.   Whether Defendants correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

d.   Whether Defendants misappropriated, and illegally retained, tips, gratuities, and service charges that were intended for, and earned by Plaintiff and the Rule 23 Class;

e.   Whether Defendants failed to keep true and accurate time records, pay records, and gratuities records for all hours/shifts worked by Plaintiff and the Rule 23 Class, and other records required by the NJWHL;

f.   Whether Defendants failed to furnish Plaintiff and Rule 23 Class with an accurate statement of wages, hours worked, rates paid, gross wages, gratuities received, and the claimed tip allowance as required by the NJWHL;

g.   Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

h.   The nature and extent of the class-wide injury and the measure of damages for those injuries.

31.      The claims of Plaintiff are typical of the claims of the Rule 23 Class she seeks to represent. Plaintiff and all of the Rule 23 Class members work or have worked, for the Defendants as tipped, hourly food service workers at Dong Bang Grill restaurant in Fort Lee, New Jersey. Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the NJWHL. Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

32.      Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiff understands that as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff recognizes that as class representatives, they must represent and consider the interests of the Rule 23 Class just as they would represent and consider their own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the Rule 23 Class.   Plaintiff recognizes that any resolution of a class action must be in the best interest of the Rule 23 Class. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiff and the Rule 23 members.

33.      A class action is superior to other available methods for the fair and efficient adjudication of this litigation.   The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of the Defendants' violations of the NJWHL, as well as

their common and uniform policies, practices, and procedures.   Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual Plaintiff often lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.   In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments.

34.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFF'S FACTUAL ALLEGATIONS

### Minimum Wage Violations

35.     Defendants did not pay Plaintiff, the FLSA Collective, and members of the Rule 23 Class the lawful minimum wages for all of the hours they worked each workweek.

36.     Defendants did not inform Plaintiff, the FLSA Collective, or the Rule 23 Class members of the tipped minimum wage or tip credit provisions of the FLSA, 29 U.S.C. 203(m).

37.     Defendants were/are permitted, under the FLSA and NJWHL, to pay certain tipped employees at a statutory hourly rate that is less than the standard hourly minimum wage rate so long as the "tips" or "gratuities" that such tipped employee is expected to receive, when added to the hourly wages, meet or exceed the standard hourly minimum wage, and so long as all tips received by the employees are retained by the employee, and no portion of the tips are retained by Defendants or given to employees in non-tipped positions.

38.     However, Defendants were not entitled to avail themselves of the reduced minimum wage by applying the tip credit allowance for Plaintiff, the FLSA Collective, and the NJWHL Class, because Defendants did not inform Plaintiff, the FLSA Collective, or the Rule 23 Class members of the tipped minimum wage or tip credit provisions of the FLSA, 29 U.S.C. 203(m).

39.     Also, Defendants were not entitled to avail themselves of the reduced minimum wage by applying the tip credit allowance for Plaintiff, the FLSA Collective, and the NJWHL Class, because Defendants would retain tips and would pay a portion of the tips earned by Plaintiff, the FLSA Collective and the NJWHL Class to managerial staff.

40.     As such, Defendants were obligated to pay Plaintiff, the FLSA Collective, and the NJWHL Class the standard hourly minimum wage rate, and not any reduced minimum wage through the application of a tip credit.

41.     Defendants tried to hide their practice of issuing tips to their employees by failing to be transparent about and provide documentation such as tip pool sheets substantiating how much tips were collected and how they were being allocated and paid out each day.

42.     As a result of the above unlawful practices, Plaintiff, the FLSA Collective, and NJWHL Class were not paid minimum wages, in violation of the FLSA and NJWHL. Defendants repeatedly suffered and/or permitted Plaintiff, the FLSA Collective, and the members of the Rule 23 Class to work over 40 hours per week without paying them the premium overtime rates required by the FLSA and/or NJWHL.

43.     During Plaintiff's employment and the FLSA Collective Period and NJWHL Class Period, Defendants required or caused Plaintiff and members of the FLSA Collective

and NJWHL Class to perform "off the clock" through their practice of docking employees a full 30 minutes or quarter of an hour of pay if they arrived just a few minutes late.

44.      -At all relevant times, Defendants failed to post and/or keep posted in a conspicuous place on their premises a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 516.4.

45.      Defendants did not allow Plaintiff, the FLSA Collective, and the members of the Rule 23 Class to retain all of the tips, gratuities, and/or service charges they earned.

46.      Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips, gratuities, and/or service charges that Plaintiff, the FLSA Collective, and the members of the Rule 23 Class earned.

47.      Defendant Kims illegally took and retained credit card tips and cash tips, intended for servers and kitchen workers, chefs in the restaurant.

48.      Defendants did not keep records, as required by law, of wages and/or tips earned by Plaintiff, the FLSA Collective, and the Rule 23 Class.

49.      In an effort to avoid paying wages and/or overtime, Defendants sometimes made the hourly tipped food service workers work off-the-clock. Defendants would instruct Plaintiff and the FLSA Collective and the Rule 23 Class not to punch in when they arrived at work.   There was a designated server that manually wrote down the clock in and out for all employees.   During the periods when Lee and other members of the FLSA Collective and Rule 23 Class were off the clock but still working, they were not compensated by Defendants.

**FIRST CLAIM FOR RELIEF**
**Fair Labor Standards Act– Minimum Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

50.     Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

51.     At all times relevant, Plaintiff and the members of the FLSA Collective are or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

52.     At all times relevant, Defendants have been employers of Plaintiff and the members of the FLSA Collective, engaged in commerce and/or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

53.     Defendants failed to pay Plaintiff and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

54.     Defendants failed to record all hours worked by Plaintiff and the FLSA Collective.

55.     The FLSA allows an employer to count tips received by an employee as wages ("tip credit allowance") in certain circumstances.    The employer must pay at least $2.13 per hour in direct wages and if an employee's tips plus the direct hourly wage do not equal at least the minimum wage of $7.25 per hour, the employer must make up the difference in direct wages.

56.     Under the FLSA, in order for an employer to claim the tip credit, the employer must inform the employee regarding the tip credit allowance and allow the employee to retain all tips. The FLSA allows for a tip pooling arrangement, however, only among those employees who customarily and regularly receive tips and only those tips in excess of the tip credit may be included in the pool. The FLSA forbids employers, management, or other

11

ineligible employees from retaining or receiving any portion of the tips. Where an employer, management, or an ineligible employee receives any part of the tips, no tip credit is allowed and the employer must pay the employee the full minimum wage per hour in direct wages and allow the employee to retain all of his or her tips.

57.     Defendants were not eligible to avail themselves of the tip credit allowance under the FLSA, 29 U.S.C. § 203(m), because Defendants (i) failed to inform Plaintiff and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, (ii) did not allow Plaintiff and the FLSA Collective to retain all of the tips they earned and (iii) themselves retained, and/or distributed to individuals who do not "customarily and regularly" receive tips, a portion of Plaintiff's and the FLSA Collective's tips.

58.     Defendants did not inform Plaintiff and the members of the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m).

59.     Defendants failed to post and/or keep posted in a conspicuous place on their premises a notice of employees' rights to receive minimum wages and overtime compensation. 29 C.F.R. § 516.4.

60.     Because Defendants' violations of the FLSA have been willful, and because Defendants failed to post the notices required by the FLSA, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled.

61.     Plaintiff seeks damages in the amount of their respective unpaid wages, misappropriated tips, liquidated damages as provided by the FLSA for minimum wage violations, attorneys' fees, and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

62.     Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

63.     At all times relevant, Plaintiff and the FLSA Collective regularly worked in excess of forty (40) hours per workweek.

64.     Defendants failed to pay Plaintiff and the FLSA Collective proper overtime compensation for all of the hours worked in excess of forty (40) hours in each workweek.

65.     Plaintiff and the FLSA Collective seek damages in the amount of their respective unpaid overtime wages, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

66.     Because Defendants' violations of the FLSA have been willful, and because Defendants failed to post the notices required by the FLSA, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled.

## THIRD CLAIM FOR RELIEF
### New Jersey Wage and Hour Law – Minimum Wage
### (Brought on behalf of Plaintiff and the Members of the Rule 23 Class)

67.     Plaintiff realleges and incorporates by reference all previous paragraphs as if set forth fully herein.

68.     Defendants failed to pay Plaintiff and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the New Jersey Law, N.J.S.A. § 34:11-56(a) *et seq.*

69.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NJWHL, as detailed in this Class Action Complaint.

70.     At all times relevant to this action, Plaintiff and the members of the Rule 23 Class have been "employees" of Defendants, and Defendants have been "employers" of Plaintiff and the members of the Rule 23 Class within the meaning of the NJ Law, N.J.S.A. §34:11-56(a)(1).

71.     Defendants willfully violated and continue to willfully violate NJ Law by failing to post notices of employees' rights to receive minimum wage. N.J.S.A. § 34:11-56(a)(21).

72.     As a direct consequence of Defendants' violations of the NJ Law, Plaintiff suffered and continues to suffer substantial injury.

73.     Because Defendants' violations of the NJWHL have been willful, and because Defendants failed to post the notices required by the NJWHL, the two-year statute of limitations pursuant to N.J.S.A. §34:11 56a(25), should be equitably tolled.

**FOURTH CLAIM FOR RELIEF**
**New Jersey Wage and Hour Law – Unpaid Overtime**
**(Brought on behalf of Plaintiff and the Members of the Rule 23 Class)**

74.     Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth fully herein.

75.     Defendants failed to pay Plaintiff the proper overtime rate for all hours worked in excess of forty (40) hours per week pursuant to N.J.S.A. § 34:11-56(a) *et seq*.

76.     Defendants willfully violated and continue to willfully violate NJ Law by
failing to post notices of employees' rights to receive the proper overtime compensation.
N.J.S.A. § 34:11-56(a)(21).

77.     As a direct consequence of Defendants' violations of the New Jersey Law,
Plaintiff suffered and continues to suffer substantial injury.

78.     Because Defendants' violations of the NJWHL have been willful, and because
Defendants failed to post the notices required by the NJWHL, the two-year statute of
limitations pursuant to N.J.S.A. §34:11 56a(25), should be equitably tolled.

### FIFTH CLAIM FOR RELIEF
### New Jersey Common Law - Conversion
### (Brought by Plaintiff and Members of the Rule 23 Class)

79.     Plaintiff realleges and incorporates by reference each and every allegation
contained in the preceding paragraphs as if set forth fully herein.

80.     At all times relevant to this action, Defendants misappropriated and/or
required Plaintiff and the members of the Rule 23 Class to turn over all of, or portions of,
their tips to Defendants. Plaintiff and the members of the Rule 23 Class were not permitted
to retain all of the tips they received.

81.     Defendants, who are not tipped employees, took control of the tips, which
were the property of Plaintiff and members of the Rule 23 Class, and unlawfully retained
portions of the tips.

### SIXTH CLAIM FOR RELIEF
### New Jersey Common Law - Unjust Enrichment
### (Brought on behalf of Plaintiff and the Members of the Rule 23 Class)

82.     Plaintiff realleges and incorporates by reference each and every allegation

contained in the preceding paragraphs as if set forth fully herein.

83.     At all times relevant to this action, Defendants misappropriated and/or

required Plaintiff and the members of the Rule 23 Class to turn over all of, or portions of,

their tips to Defendants. Plaintiff and the members of the Rule 23 Class were not permitted

to retain all of the tips they received.

84.     Defendants, who are not tipped employees, took and retained tips, which were

earmarked for, and belonged to, Plaintiff and members of the Rule 23 Class.

85.     Defendants received a benefit by wrongfully taking tips that belonged to

Plaintiff and members of the Rule 23 Class, and Defendants' retention of these tips is

inequitable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

        a. A declaratory judgment that the practices complained of herein are
unlawful under the FLSA and the NJWHL;

        b. Certification of this case as a class action pursuant to Rule 23 of the Federal
Rules of Civil Procedure;

        c. Designation of this action as a Collective Action on behalf of the FLSA
Collective Plaintiff and prompt issuance of a notice pursuant to 29 U.S.C. §
216(b) to all similarly situated members of the FLSA opt-in class, apprising
them of the pendency of this action, and permitting them to assert timely
FLSA claims in this action by filing individual Consent to Sue forms
pursuant to 29 U.S.C. § 216(b);

        d. Designation of the Named Plaintiff as the Representatives of the FLSA
Collective Plaintiff and as the Class Representatives of the Rule 23 Class;

e.  An award of unpaid wages, misappropriated tips, overtime compensation, and other damages due under the FLSA and the NJWHL;

f.  An award of liquidated and/or punitive damages as a result of Defendants' failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216;

g.  An award of liquidated and/or punitive damages as a result of Defendants' failure to pay wages and overtime compensation pursuant to the NJWHL;

h.  Costs and expenses of this action, together with reasonable attorneys' fees;

i.  Pre-Judgment and post-judgment interest, as provided by law; and

j.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues.

Dated: April 13, 2023

  /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd. Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com